IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| REGINALD LAMAR SHELLEY, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 7:06-cv-08042-UWC-JEO |
| | ) | 7:02-cr-00298-UWC-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Reginald Lamar Shelley has filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate the conviction and sentence imposed in this matter on October 21, 2005. For the reasons stated below, the motion is due to be denied.

### BACKGROUND

The defendant was arrested on September 23, 2001, following a traffic stop. He was found to be in possession of a weapon and a relatively small quantity of marijuana. He was indicted for violating 18 U.S.C. § 922(g) premised on his prior felony convictions. At trial, the court prohibited the prosecutor from making any reference to the drugs. Believing that the prosecutor violated the court's order, the court sustained the defendant's objection and granted the defendant's motion for judgment of acquittal, dismissing the case with prejudice.

The United States appealed the court's decision. The Eleventh Circuit Court of Appeals reversed the decision of this court and remanded the case for trial. *United States v. Shelley*, 405 F.3d 1195 (11th Cir. 2005).

The defendant entered a plea of guilty. He was sentenced on October 21, 2005, to fifteen months incarceration and twenty-four months of supervised release. The defendant did not

appeal his conviction or sentence.

He filed the present motion on September 21, 2006. Therein, he asserts that his conviction and sentence are due to be vacated because (1) they violate the double jeopardy clause of the Fifth Amendment, (2) he was denied effective assistance of counsel under the Sixth Amendment, and (3) the court lacked jurisdiction.

## DISCUSSION

In the usual case, the court requires the United States to respond to a motion to vacate. However, this is not the usual case in that the record before the court conclusively demonstrates that the motion is due to be denied.

The Eleventh Circuit specifically found that the double jeopardy clause did not preclude the appeal and a subsequent retrial of the defendant in this matter. Therefore, counsel was not ineffective in failing to raise this issue. Additionally, the court was not without jurisdiction to accept the defendant's plea and sentence him. His claims simply are without merit as a matter of law.

## CONCLUSION

Premised on the foregoing, the defendant's motion is due to be denied. An appropriate order will be entered.

**DONE**, this the 31st day of October, 2006.

U.W. Clemon
Chief United States District Judge